IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DASHAY JONES, | ) | CASE NO. 3:22-CV-02135-SO |
| Petitioner, | ) | |
| | ) | U.S. DISTRICT JUDGE |
| | ) | SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DENNIS SULLIVAN, | ) | JENNIFER DOWDELL ARMSTRONG |
| Defendant, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

On June 9, 2023, *pro se* petitioner Dashay Jones ("Mr. Jones") moved to stay in abeyance his habeas proceedings.[1] (ECF Doc. No. 11). In that motion, Mr. Jones requests that this Court stay the proceeding based on allegedly newly discovered information that he needs to exhaust in state court. *Id.* For the reasons set forth below, I RECOMMEND that the Court DENY Mr. Jones' motion to stay because he failed to show good cause for his failure to exhaust and lack of dilatory intent.

## II.     RELEVANT FACTUAL BACKGROUND

Mr. Jones is serving an 11-year sentence for possession and trafficking of cocaine at the Correctional Center for Northwest Ohio. On November 28, 2022, Mr. Jones filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF Doc. No. 1). On May 18, 2023, the Warden

---

[1] While Mr. Jones' motion is styled as "Petitioner's Reply to Respondent's Answer/Return of Writ and Petitioner's Request for a Stay Based on Newly Available Information," a review of the of the motion makes clear that it solely addresses his request for a stay. The motion will therefore be referred to throughout this R&R as Mr. Jones' "motion for stay."

1

filed his Return of Writ. (ECF No. 10.) On June 9, 2023, Mr. Jones moved to stay in abeyance his habeas proceedings. (ECF Doc. No. 11). As grounds for a stay, Mr. Jones asserts that he has newly discovered evidence of a list of other citizens who have filed complaints about racial profiling by the Sandusky Police Department. (ECF Doc. No. 13, PageID#1677). Mr. Jones wants to use this information to claim that his rights under the Equal Protection Clause have been violated. (*Id.*)

### III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).

Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A federal court, therefore, may not grant habeas relief on any claim adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

IV. ANALYSIS

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts first and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," and the U.S. Supreme Court has recognized the following three elements a petitioner must establish for a stay to be granted: (1) good cause for failure to exhaust; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner is not using "dilatory litigation tactics." *Id.* at 277–78; *see also Sueing v. Palmer*, 503 F. App'x. 354, 357 (6th Cir. 2012) (unpublished).

First, Mr. Jones here has not met his burden of establishing good cause for his failure to exhaust his claims in state court. Significantly, Mr. Jones must show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) ("To constitute 'newly discovered evidence,' the evidence must have been previously unavailable."). However, the record is clear that Mr. Jones did know or should have known about the list of citizens who made complaints when he originally exhausted his claims. Specifically, in preparation for trial, Mr. Jones subpoenaed over twenty people who allegedly would challenge the credibility of Detective Brotherton and other members of the police department. (ECF Doc. No. 10-1, PageID#208-214). In a reply to the State's motion in limine, Mr. Jones asked, "[W]as this sort of bias involved in Mr. Jones arrest? If so, it would violate the Equal Protection Clause." (ECF Doc. No. 10, PageID#209). Thus, Mr. Jones was aware of this argument before his trial started,

3

yet he failed to make such a claim throughout the state court proceedings. *See Williamson v. Marquis*, No. 1:18CV472, 2018 WL 10436230, at *31 (N.D. Ohio Nov. 6, 2018) (finding petitioner failed to show good cause for failure to exhaust because the events were known at the time of trial and sentencing). Mr. Jones now files his request for a stay nearly four years after making this argument in the state trial court and wholly fails to explain the reason for his delay. (ECF Doc. No. 11, PageID#1669); *see Glenn v. Coleman,* No. 3:13-CV-01090, 2014 WL 4983661, at *8 (N.D. Ohio Oct. 6, 2014) (holding that a stay should be denied because the petitioner "has failed to explain why he did not raise this issue sooner.") Indeed, this is not "newly discovered evidence but rather 'newly available' evidence that [Mr. Jones] did not attempt to secure before trial." *Hickey v. Hoffner*, 701 F. App'x. 422, 424 (6th Cir. 2017) (unpublished).

Second, Mr. Jones must also establish "that there is no indication that the petitioner engaged in 'intentionally dilatory litigation tactics.'" *Alvarado v. Warden, Mansfield Corr. Inst.*, 3:16-CV-02563, 2020 WL 8611087, at *17 (N.D. Ohio Dec. 7, 2020) (quoting *Rhines*, 544 U.S. at 277-78)). Here, the record reflects that Mr. Jones expressed his concern with racial bias and the Equal Protection Clause on September 10, 2019, before the trial had even started. (ECF Doc. No. 18, PageID#209). Mr. Jones filed his Petition for a Writ of Habeas Corpus on November 28, 2022. (ECF Doc. No. 1, PageID#1). Notably, Mr. Jones failed to raise any Equal Protection Clause claim in his petition. (*Id*.). Respondent then filed a Return of Writ on May 18, 2023, responding to each claim in Mr. Jones' petition. (ECF Doc. No. 10, PageID#35). It was only after the Return of Writ was filed that Mr. Jones filed his request for a stay. (ECF Doc. No. 11, PageID#1669). Sitting on potential evidence for four years and only requesting a stay at this stage of the case constitutes unnecessary delay. *See Worley v. Bracy*, No. 1:18-CV-00050, 2019 WL 2865068, at *2 (N.D. Ohio July 3, 2019) (finding that petitioner was dilatory because he did not file his state post-conviction

4

relief petition until almost one year after he was aware of the alleged "newly discovered" evidence). Moreover, it is Mr. Jones' burden to show that he did not engage in "dilatory litigation tactics." *Alvarado v. Warden, Mansfield Corr. Inst.*, No. 3:16-CV-02563, 2020 WL 8611087, at *17 (N.D. Ohio Dec. 7, 2020). Because Mr. Jones fails to explain or provide any rationale for his delay in bringing forth potential evidence, he fails to establish this element. (*See generally* (ECF Docs. No. 11, 13).

Finally, Mr. Jones must prove that his claim is not plainly meritless. *Callender v. Warden, Ross Corr. Inst.*, No. 2:16-CV-1120, 2017 WL 3674909, at *3 (S.D. Ohio Aug. 24, 2017) ("A petitioner seeking a stay to permit exhaustion of an unexhausted claim must demonstrate both good cause for having failed to exhaust his state court remedies and a potentially meritorious claim."). To the extent that Mr. Jones now attempts to assert an Equal Protection Clause claim, he fails to provide any explanation regarding how his purported new evidence supports such an argument. (ECF Doc. No. 13, PageID#1677); *see Bays v. Warden, Ohio State Penitentiary*, No. 3:08-CV-076, 2013 WL 4502205, at *4 (S.D. Ohio Aug. 22, 2013) ("The equal protection argument is not elaborated at all . . . Bays offers no Supreme Court or Sixth Circuit authority even analogously supporting this claim."). But even if Mr. Jones' claim does have merit, he still has not shown good cause for his failure to exhaust and his failure to show he did not engage in dilatory litigation tactics. *See Crangle v. Tibbals*, No. 5:13 CV 842, 2018 WL 11462356, at *5 (N.D. Ohio Mar. 5, 2018) (finding a stay not warranted because the petitioner failed to show good cause and thus could not satisfy the *Rhines* standard). Accordingly, I recommend that Mr. Jones' motion for a stay should be denied.

## V. RECOMMENDATION

Because Mr. Jones has not established good cause for his failure to exhaust his claims in state court he failed to show he has not engaged in intentionally dilatory litigation tactics, I RECOMMEND that the Court DENY his request for a stay.

Dated: July 17, 2023                *s/Jennifer Dowdell Armstrong*
                                    United States Magistrate Judge

## V.     NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be

specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).