UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DASHAY JONES, | Case No.: 3:22 CV 2135 |
| Petitioner | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| WARDEN DENNIS SULLIVAN, | |
| Respondent | ORDER |

Currently pending before the court in the above-captioned case is Petitioner Dashay Jones's Motion to Stay ("Motion") (ECF No. 11). Respondent Warden Dennis Sullivan filed an opposition brief (ECF No. 12), and Jones filed a reply (ECF No. 13). Subsequently, Magistrate Judge Jennifer Dowdell Armstrong prepared a Report and Recommendation ("R&R"), recommending that the court deny the Motion (ECF No. 14). Jones timely objected (ECF No. 15). For the reasons that follow, the court adopts Magistrate Judge Armstrong's R&R in its entirety and denies the Motion.

Jones moves to stay in abeyance his habeas proceedings based on a piece of newly-discovered evidence—"a list of other citizens who have filed complaints about [r]acial [p]rofiling" by the Sandusky Police Department. (Reply at PageID #1677.) Jones plans to use this evidence to argue that his rights under the Equal Protection Clause were violated. (*Id.* at PageID #1676–77.) Jones seeks a stay so that he can first present this argument in state court. (*Id.* at PageID #1677.)

To be entitled to a stay, Jones must establish (1) good cause for his failure to exhaust his Equal Protection claim in state court, (2) that his Equal Protection claim is not "plainly meritless," and (3) that he is not engaged in "dilatory litigation tactics." *Rhines v. Weber*, 544

U.S. 269, 277–78 (2005). Magistrate Judge Armstrong determined that Jones has failed to establish all three of these elements. (R&R at 3–5.) As to the first element, Magistrate Judge Armstrong explained that "the record is clear that Mr. Jones did know or should have known about the list of citizens who made complaints when he originally exhausted his claims." (*Id.* at 3.) As to the second, Magistrate Judge Armstrong noted that Jones "fails to provide any explanation regarding how his purported new evidence supports" his Equal Protection argument. (*Id.* at 5.) And as to the third, Magistrate Judge Armstrong found that Jones engaged in unnecessary delay by "[s]itting on [the list] for four years and only requesting a stay at this stage of the case." (*Id.* at 4). Jones does not address any of these points in his Objection. (Objection at PageID #1687–89.)

After reviewing the R&R and all other relevant documents in the record, the court finds that Magistrate Judge Armstrong's R&R is fully supported by the record and controlling caselaw. Accordingly, the court adopts the R&R in its entirety and denies Jones's Motion to Stay (ECF No. 11).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 31, 2024