IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DASHAY JONES, | ) | CASE NO. 3:22-CV-02135-SO |
| Plaintiff, | ) | |
| | ) | U.S. DISTRICT JUDGE |
| | ) | SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | U.S. MAGISTRATE JUDGE |
| WARDEN DENNIS SULLIVAN, | ) | JENNIFER DOWDELL ARMSTRONG |
| Defendant, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

Now pending is Petitioner Dashay Jones' ("Mr. Jones") Motion for Leave to Amend Habeas Petition ("Motion to Amend") and Motion for Extension of Time to File his Opening Brief of 45 Days ("Motion for Extension of Time"). (ECF No. 16.) Respondent Warden Dennis Sullivan ("Respondent")[1] opposes this Motion to Amend. (ECF No. 18.) This matter is before me pursuant to Judge Oliver's order of referral for a preparation of a Report and Recommendation on the pending motions. (*See* ECF No. 3, ECF non-document order dated 11/28/22). For the reasons set forth below, I RECOMMEND that the COURT DENY Mr. Jones' Motion to Amend and DENY AS MOOT Mr. Jones' Motion for Extension of Time.

## II. RELEVANT BACKGROUND

Mr. Jones filed a writ of habeas corpus under 28 U.S.C. § 2254 on November 28, 2022 (ECF No. 1), asserting that the trial court: (1) failed to suppress evidence obtained in violation of the Fourth Amendment; and (2) violated his constitutional due process rights when it gave a

---

[1] Tom Watson is the current warden of North Central Correctional Complex, where Mr. Jones is currently incarcerated, and should be substituted for Dennis Sullivan as the proper Respondent in this matter. *See* https://drc.ohio.gov/about/facilities/north-central-correctional-complex (last visited July 22, 2024).

1

consciousness of guilt instruction to the jury. (*Id.* at PageID#5,7.) On June 9, 2023, Respondent filed a Return of Writ on May 18, 2023 (ECF No. 10). Mr. Jones filed a Reply to Respondent's Answer/Return of Writ and Motion/Request for a Stay Based Upon Newly Discovered Information ("Motion to Stay") (ECF No. 11). On June 15, 2023, Respondent filed an Opposition to the Motion to Stay (ECF No. 12). Mr. Jones filed his reply on June 26, 2023 (ECF No. 13). On July 17, 2023 I issued a report and recommendation denying Mr. Jones' Motion to Stay (ECF No. 14). On January 31, 2024, Judge Oliver issued an Order adopting the R&R in its entirety and denying Mr. Jones' Motion to Stay. (ECF No. 22).

Mr. Jones filed his Motion to Amend and for Extension of Time on August 31, 2023. (ECF No. 16.) His Motion to Amend seeks to add two new grounds: (1) that his conviction is not supported by sufficient evidence and is against the manifest weight of evidence; and (2) that the trial court erred when it permitted the State to submit testimony of a prior conviction and the judgment entry of that conviction. (ECF No. 16-1, PageID#1696.) On October 18, 2023, Mr. Jones filed a Traverse/Opening Brief to Return of Writ, which included a memorandum in support that further elaborated on these new grounds. (ECF No. 17.) Respondent filed a Surreply to Mr. Jones' Traverse the following day, opposing Mr. Jones' Motion to Amend (ECF No. 18.)

### III. LAW & ANALYSIS

#### A. Motion to Amend

"The Federal Rules of Civil Procedure apply to motions to amend petitions for a writ of habeas corpus." *Spann v. Eppinger*, No. 1:15CV2424, 2018 WL 6721274, at *6 (N.D. Ohio Dec. 21, 2018) (quoting *Riley v. Taylor*, 62 F.3d 86, 89-90 (3d Cir. 1995)); *see* 28 U.S.C. § 2242 (stating that a petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). "The court should freely give leave when justice

2

so requires." Fed. R. Civ. P. 15(a)(2). A court, however, may justify denying leave to amend based upon the futility of the amendment. *Spann*, 2018 WL 6721274, at *6.

### B. Procedural Default

Procedural default is "a critical failure to comply with state procedural law," *Trest v. Cain*, 522 U.S. 87, 89 (1997), resulting in a bar to federal habeas review unless the petitioner has a sufficient basis for having the default excused, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Significantly, "a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). "If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted." *Id.*

In *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986), the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Id.* at 138.

To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a fundamental miscarriage of justice if the claim is not considered. *Coleman*, 501 U.S. at 750. "'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot

be fairly attributed to him." *Id.* at 753 (emphasis in original). "Then, to establish prejudice, the prisoner must show . . . that the constitutional violation 'worked to his actual and substantial disadvantage.'" *Shinn v. Ramirez*, 142 S. Ct. 1718, 1733 (2022) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)) (emphasis in original). "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (quoting *Murray*, 477 U.S. at 496).

### C. Analysis

#### 1. *This Court should deny Mr. Jones' motion to amend.*

Mr. Jones requests that his habeas petition be amended to include two grounds: that (1) his conviction was not supported by sufficient evidence and was against the manifest weight of evidence;[2] and (2) the trial court erred when it permitted the introduction of testimony and evidence involving a prior conviction. Respondent argues that these two new grounds by Mr. Jones are procedurally defaulted because Mr. Jones did not appeal them to the Supreme Court of Ohio. (ECF No. 18, PageID # 1784.) Respondent's argument is well-taken.

Before seeking a writ of habeas corpus in federal court, a petitioner must properly exhaust his state court remedies by fairly presenting all constitutional claims to *all* levels of the state courts. A petitioner may procedurally default his constitutional claim by failing to present the claim to all appropriate state courts prior to that through the state's "ordinary appellate review procedures." *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Ohio's "ordinary appellate review

---

[2] Mr. Jones' attempt to amend the complaint to include an independent manifest weight of the evidence ground for relief would be futile. Such a claim is not cognizable on federal habeas review; indeed, an argument that a conviction was against the manifest weight of evidence is a *state law* argument. *See Gibson v. Miller*, 5:15-cv-119, 2016 WL 6277229, at *1 (N.D. Ohio Oct. 27, 2016) ("[C]ontentions that a conviction is contrary to the manifest weight of the evidence also do not raise cognizable claims.") (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1978)); *Schwartzman v. Gray*, No. 17-3859, 2018 U.S. App. LEXIS 27193, at *8 (6th Cir. 2007) ("A manifest-weight-of-the-evidence claim in Ohio is a state-law claim that is similar to but ultimately different from a federal constitutional claim that the evidence was insufficient to support a conviction."). Accordingly, this R&R will only address Mr. Jones' proposed amendment as to the sufficiency of the evidence.

process" means a defendant must timely present his on-the-record constitutional claim to the trial court, court of appeals, and the Ohio Supreme Court on direct review. *Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015) (a petitioner must fairly present his claim to the Ohio Court of Appeals and the Ohio Supreme Court).

Here, while Mr. Jones raised these proposed grounds to the Ohio Court of Appeals, he failed to appeal them to the Ohio Supreme Court. (ECF No. 10-1, Ex. 26, PageID#241.) Indeed, Mr. Jones merely argued to the Ohio Supreme Court that the trial court erred when it gave a consciousness of guilty instruction to the jury. (ECF No. 10-1, Ex. 31, PageID#386-93.) Nowhere in his appellate brief does he argue that his conviction was not supported by sufficient evidence, or that the trial court erred when it permitted the introduction of testimony and evidence involving a prior conviction. (*Id.*) Thus, he failed to present his grounds for relief at all levels of review.

Therefore, the analysis now turns to whether Mr. Jones can demonstrate cause for his failure to properly present his grounds for relief at all levels of the state court. Specifically, to overcome procedural default, Mr. Jones must show "cause for the default and actual prejudice as a result of the alleged violation of federal law," or show that a "fundamental miscarriage of justice" will result if his claims are not considered. *Coleman*, 501 U.S. at 750.

Here, Mr. Jones fails to make any argument as to cause or prejudice. (*See* ECF Nos. 16-17.) Thus, Mr. Jones has forfeited any claim of cause and prejudice for his two proposed grounds. *See, e.g.*, *Strong v. Nagy*, 825 F. App'x 239, 243 (6th Cir. 2020) (finding that petitioner forfeited issues of cause and prejudice where petitioner failed to raise arguments on appeal); *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020) ("Because [the petitioner] has not raised any claim or issue to excuse the default, he has forfeited the question of cause and prejudice.").

Instead, Mr. Jones seeks to avoid procedural default by pointing to an alleged fundamental miscarriage of justice because he asserts that he is actually innocent inasmuch as he has newly discovered evidence that he was "a victim of racial profiling" by the police officers, judges, and prosecutors involved in this case. (ECF No. 17, PageID#1720.) Specifically, he appears to assert that there was a continuing pattern and practice of intentional racial discrimination against him and other African-American and Latinx citizens. In support of this argument, he points to allegedly false testimony from Sandusky Police Department officers during his motion to suppress hearing; allegedly false testimony provided by Sandusky Police Department officers at trial; the police's alleged failure to establish proper chain of custody; the police's failure to turn on his body camera during the traffic stop; and alleged prosecutorial misconduct involving the prosecutor permitting witnesses to lie on stand. (ECF No. 17, PageID#1728-36.)

The actual innocence standard is a deliberately "demanding" bar reserved for "extraordinary" cases. *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A petitioner's showing of a credible claim of innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constituted claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)). Actual innocence is concerned with actual—as opposed to legal—innocence and must be based on reliable evidence not presented at trial. *Id.* at 524; *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 314. The petitioner must make a showing with this evidence "that it is more likely than not that no reasonable juror would have

6

found petitioner guilty beyond a reasonable doubt." *Id.* at 327.The Supreme Court has cautioned that the actual innocence exception should "remain rare" and "only be applied in the extraordinary case.'" *Id.* at 321.

Here, Mr. Jones fails to meet the demanding actual innocence standard because none of the evidence he points to is "new reliable evidence—whether it be *exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence*—that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added); *see Gordon v. Turner*, No. 5:13cv251, 2015 WL 3969689, at *9 (N.D. Ohio June 30, 2015) (finding that petitioner did not present "new and reliable exculpatory, scientific evidence, trustworthy eyewitness accounts, or critical physical evidence necessary to demonstrate actual innocence"). And to the extent that Mr. Jones is "attempt[ing] to poke holes in h[is] conviction by questioning the State's theory of the case..[and] the credibility of witnesses," this argument fails because "actual innocence means factual innocence and not mere legal insufficiency." *Powell v. Smith*, No. 5:19CV1912, 2020 WL 5877596, at *3 (N.D. Ohio Oct. 2, 2020); (*see* ECF No. 17, PageID#1736-40.)

Because Mr. Jones fails to satisfy the demanding actual innocence standard, his two proposed new grounds are procedurally defaulted. Accordingly, I recommend that the Court deny and dismiss Mr. Jones' Motion to Amend.

### 2. *Mr. Jones' motion for extension of time is moot.*

Mr. Jones' request that the Court provide him 45 days to file his opening brief (ECF No. 16, PageID#1962) is moot because Mr. Jones subsequently filed his opening brief entitled "Traverse/Opening Brief to Return of Writ with Memorandum of Support" on October 18, 2023. (ECF No. 17.) Accordingly, I recommend that the Court deny this Motion for Extension of Time as moot.

### IV. RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the COURT DENY Mr. Jones' Motion to Amend and DENY AS MOOT Mr. Jones' Motion for Extension of Time (ECF No. 16).

Dated: July 25, 2024

*s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
United States Magistrate Judge

### V. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the

8

report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).