UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DASHAY JONES, | ) | Case No.: 3:22 CV 2135 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| WARDEN DENNIS SULLIVAN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Petitioner Dashay Jones's ("Mr. Jones" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1), pursuant to 28 U.S.C. § 2254. Under Local Rule 72.2, the court referred the matter to Magistrate Judge Jennifer Dowdell Armstrong ("Magistrate Judge Armstrong") to prepare a Report and Recommendation ("R & R"). (ECF No. 3.) Petitioner filed a timely Objections. (ECF No. 34.) For the following reasons, the court adopts Magistrate Judge Armstrong's R & R (ECF No. 32), and denies the Petition in its entirety. The court also declines to issue Mr. Jones a Certificate of Appealability.

**I. BACKGROUND**

On November 23, 2022, Mr. Jones, *pro se*, filed a 28 U.S.C. § 2254 habeas petition asking the court to vacate his conviction and sentence and remand the case for further proceedings. (ECF No. 1 at PageID 15.) The Petition asserts the following grounds for relief:

> **GROUND ONE**: The trial court erred in failing to suppress evidence obtained in violation of the Fourth Amendment.
>
> Supporting Facts: The Petitioner's vehicle was stopped by investigating officers without probable cause. The Petitioner was detained for 15 minutes while officer waited for K-9. The subsequent search and seizure was conducted without probable cause. All of these acts violated Petitioner's Fourth Amendment right against unreasonable search and seizure.
>
> **GROUND TWO**: Trial Court violated the Due Process guarantee of the constitution when it gave a Consciousness of Guilt instruction to the jury.
>
> Supporting Facts: The government presented a witness who had never met Petitioner nor heard his voice. She claimed initially that Petitioner attempted to bribe her. On cross examination, she admitted that the only call she received from jail where Petitioner was confined stated she should call an attorney and "tell the truth." The witness admitted she was not offered a bribe from Petitioner. Therefore, jury instructions on consciousness of guilt were unsupported and deprived Petitioner of a fair trial.

(*Id.* at PageID 5, 7.) Warden Dennis Sullivan ("Respondent" or "Warden Sullivan") filed a Return of Writ (ECF No. 10) on May 18, 2023. There, Respondent argues that Ground One, the alleged Fourth Amendment violation, is not cognizable in this forum, and further that it is procedurally defaulted. (ECF No. 10 at PageID 50.) In addition, Respondent argues that Petitioner's challenge to the Consciousness of Guilt jury instruction is also not cognizable in this forum. (*Id.* at PageID 54.) Petitioner filed a Traverse (ECF No. 17), and Respondent filed a Sur-Reply to Petitioner's traverse (ECF No. 18).

Magistrate Judge Armstrong submitted her R & R on September 30, 2024, recommending that the court deny and dismiss the Petition in its entirety and further recommending that the court not grant Mr. Jones a certificate of appealability. (ECF No. 32.) Magistrate Judge Armstrong recommends the denial of Ground One, Fourth Amendment failure to suppress, first because it is

procedurally defaulted, and second because it is not a cognizable claim. She also recommends the denial of Ground Two, a Due Process challenge to a jury instruction, because it is not cognizable in this forum. The court granted Petitioner's Motion for Extension of Time to Submit Objections to the R & R until November 30, 2024. (ECF No. 33.) Petitioner filed his Objections on November 25, 2024[1]. (ECF No. 34.)

## II. LAW AND ANALYSIS

Mr. Jones's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (*See* R & R at PageID 1894–96.) Under AEDPA, a petition for a writ of habeas corpus cannot be granted to a person in custody as a result of a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §§ 2254(d)(1) and (2). Under § 2254(d)(1)'s "unreasonable application" language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle[...] but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). In order for this to be the case, the state court's application of the law must be "objectively unreasonable," not just incorrect or erroneous. *Id.*; *See Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("If [AEDPA] standard [for granting habeas relief] is difficult to meet, that is because it was meant to be.").

---

[1] While not received by the court until December 9, 2024, Petitioner filed his Objections with prison authorities on November 25, 2024. (ECF No. 34–1 at PageID 1920.) The court considers Petitioner's objection to be filed on the date that it was delivered to prison authorities for transmission to the district court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

**A.     Ground I: Fourth Amendment Failure to Suppress Evidence**

Petitioner's first ground for relief alleges that the trial court erred in failing to suppress evidence obtained in violation of the Fourth Amendment. (R & R at PageID 1896; ECF No. 1 at PageID 5.) Magistrate Judge Armstrong recommends that the court deny this ground for relief, first, because it procedurally defaulted, and second because it not cognizable.

As the R & R notes, prior to seeking a writ of habeas corpus in federal court, a petitioner must properly exhaust all state remedies by fairly presenting all constitutional claims to all levels of the state courts. (R & R at PageID 1896.) Because Mr. Jones failed to present his Fourth Amendment claim before the state supreme court, the R & R finds that his petition as to Ground One is procedurally defaulted. Further, the Magistrate Judge found that the Petitioner failed to demonstrate cause to excuse the procedural default. (*Id.* at PageID 1897.)

Furthermore, the R & R finds that a writ of habeas corpus generally cannot be granted on Fourth Amendment grounds where the petitioner had an opportunity to present the claim in state court. (R & R at PageID 1897.) Mr. Jones's Fourth Amendment claim underwent a four-day suppression hearing, after which the trial court denied Petitioner's motion to suppress. (ECF No. 10–1 at PageID 437.) This claim was also rejected on direct appeal. (R & R at PageID 1898.) Petitioner has failed to establish that he was denied the opportunity to raise his Fourth Amendment claim in state court, thus the R & R finds that his claim is not cognizable.

Petitioner objects to the R & R's finding of procedural default. (ECF No. 34.) In his Objection, Petitioner argues that the failure to raise the Fourth Amendment claim at the state supreme court was the result of ineffective assistance of counsel, therefore, the procedural default should be excused. (ECF No. 34 at PageID 1916.) This argument is not well-taken. Mr. Jones failed

to raise an ineffective assistance argument in his Petition, even where prompted. (*See* ECF No. 1 at PageID 5 (Petitioner provided no response to the prompt "If you did not exhaust your state remedies on Ground 1, explain why[.]").) Thus, Petitioner's ineffective assistance argument is deemed waived because he did not present this issue before the Magistrate Judge. *See Murr v. U.S.*, 200 F.3d 895, 902 (6th Cir. 2000) ("[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."). Inasmuch as the Petitioner's argument regarding cause and prejudice was not before the Magistrate Judge, and he has not given a compelling reason why this new argument should be considered, the court denies Petitioner's objection on this ground.

### B. Ground II: Fourth Amendment Failure to Suppress Evidence

Petitioner's second ground for relief alleges the trial court violated the Due Process Clause when it gave a Consciousness of Guilt instruction to the jury. (R & R at PageID 1899; ECF No. 1 at PageID 7.) As the R & R notes, a claim that a state trial court gave an improper jury instruction is generally not cognizable on habeas review, and federal courts are bound by the state courts' interpretation of their own laws. (*Id.* at PageID 1899, 1901.) Because the Ohio Sixth District Court of Appeals found that Ohio law supported the contested jury instruction, the R & R finds that the court must defer to that determination. (*Id.* at PageID 1902.) Furthermore, Magistrate Judge Armstrong recommends that the court deny this ground for relief because Petitioner has not shown the instruction to be so erroneous that it resulted in a fundamentally unfair trial. (R & R at PageID 1902.)

Petitioner objects to the R & R and argues that the Consciousness of Guilt instruction was

an error that infected his entire trial and rendered it fundamentally unfair. (ECF No. 34 at PageID 1917.) Mr. Jones argues that the jury instruction "makes it clear that Petitioner did call J.B" in an effort to bribe him, when this assertion was not proven at trial. (ECF No. 34 at PageID 1918.) Petitioner incorrectly construes the content of the jury instructions in question, taken as a whole. The jury instructions stated that "[t]estimony has been admitted *indicating* that the Defendant attempted to bribe a witness." (R & R at PageID 1900 (emphasis added).) The jury instructions also stated that if the jury found the allegation that Petitioner bribed a witness to be unsupported by the facts, the jury "should not consider this evidence for any purpose." (*Id.*) The jury instructions made clear that the determination of the weight evidence was up to the jury. Thus, the court finds Petitioner's objection to be unpersuasive, and the court denies Petitioner's objection on this ground.

### III. CONCLUSION

After careful de novo review of the R & R and all other relevant documents in the record, the court finds that Magistrate Judge Armstrong's recommendations are fully supported by the record and controlling case law. Accordingly, the court adopts the R & R (ECF No. 32), and dismisses the Petition for Writ of Habeas Corpus (ECF No. 1). The court also certifies that there is no basis upon which to issue a Certificate of Appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

Additionally, as noted by Magistrate Judge Armstrong, Dennis Sullivan was previously the Warden of North Central Correctional Complex where Mr. Jones is incarcerated. Tom Watson is now the Warden of that facility. Thus, Tom Watson will be substituted as the proper respondent in this case.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

December 19, 2024